# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Shelly Bishop and Quintah Mann,
on behalf of themselves and others
similarly situated,

        Plaintiffs,

vs.

AT&T Corp.,

        Defendant.

Civil Action No. 2:08-CV-00468

Chief Judge Donetta W. Ambrose/
Magistrate Judge Robert C. Mitchell

## JOINT STIPULATION REGARDING THE PRODUCTION
## OF OPT-IN PLAINTIFFS' EMAIL FILES BY DEFENDANT AT&T CORP.
## AND THE INADVERTENT DISCOVERY OF PRIVILEGED INFORMATION

AND NOW comes Plaintiffs Shelly Bishop and Quintah Mann, on behalf of themselves and others similarly situated, by and through their attorneys James H. Kaster and David E. Schlesinger, Esquire, and Defendant AT&T Corp. ("AT&T"), by and through its attorneys Maureen P. Kelly, Esquire and Leslie A. Dent, Esquire and stipulate and agree as follows (the "Stipulation"):

### PRODUCTION OF E-MAIL FILES

1.    In Plaintiffs' Requests for Production to Defendant (Set I), Plaintiffs requested various e-mail files from AT&T relative to the opt-in Plaintiffs. (Document Requests 23, 25, 27).

2.    AT&T objected to producing these e-mail on numerous grounds, including but not limited to objections on the grounds that the requests are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of

{B0103524.1}

admissible information. AT&T further objected to producing these e-mails on the grounds that they seek sensitive, confidential and/or proprietary business information, or information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

3. To resolve this discovery dispute, Plaintiffs and AT&T have agreed to this Stipulation regarding the production of e-mail files for the opt-in Plaintiffs and management.

4. AT&T will produce the e-mail files of any opt-in Plaintiff who is deposed in this lawsuit in .pst format within 30 days of that Plaintiff's deposition. For those Plaintiffs who have already been deposed in this lawsuit, AT&T will produce the Plaintiffs' e-mail files within 30 days of the filing of this Stipulation.

5. Any e-mails that Plaintiffs plan on using in this lawsuit in any manner must be produced back to AT&T on a rolling basis as those e-mails are discovered. These e-mails must be produced back to AT&T no later than 45 days after the date that the e-mails are received by Plaintiffs.

6. Any e-mails produced back to AT&T later than 45 days after the close of discovery may not be used by Plaintiffs in any manner in this lawsuit unless stipulated to by AT&T or upon Order of Court.

## INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

7. AT&T and Plaintiffs agree that the inadvertent disclosure of any privileged information shall be dealt with in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), and the Parties further agree to this Stipulation.

8. The inadvertent production of any document that contains or constitutes attorney-client privileged information or attorney work product or is subject to any other legal privilege ("Privileged Information") shall not waive any claim of privilege, provided that, after becoming

aware of such an inadvertent production, the producing party promptly notifies the receiving party of the inadvertent disclosure, the claim of privilege, and the basis supporting that claim.

9. If the receiving party has reason to believe that it has received a document that appears to contain Privileged Information, the receiving party shall promptly notify the producing party of this fact.

10. Upon receiving notification of an inadvertent disclosure, or upon discovering that it has received a document that appears to contain Privileged Information, the receiving party shall promptly return or sequester the produced document, and any copies thereof, until the claim has been resolved. If the receiving party disputes the claim of privilege, it shall promptly serve the producing party with any objection to the claim of privilege and the grounds for that objection.

11. The receiving party must not use or disclose the Privileged Information until the claim has been resolved. To the extent that the document containing Privileged Information has already been used or described in other documents generated or maintained by the receiving party, the receiving party shall take reasonable steps to retrieve and sequester all such documents.

12. If the receiving party disclosed the Privileged Information before being notified of its inadvertent production, the receiving party shall take reasonable steps to retrieve the Privileged Information.

13. If the receiving and producing party are unable to resolve the privilege claim on their own, either party may present the information to the Court under seal for a determination of the claim of privilege and whether the privilege has been waived.

14. This stipulation shall apply to all opt-in Plaintiff e-mails produced in the litigation and shall remain in effect for the duration of this litigation. This stipulation shall not be terminated except by stipulation executed by counsel of record for the parties or by order of the Court.

STIPULATED TO by:

By: /s/David E. Schlesinger

James H. Kaster MN Bar #53946
David E. Schlesinger MN Bar #0387009
Megan I. Brennan MN Bar #0386550
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402

ATTORNEYS FOR PLAINTIFFS

By: /s/ Maureen P. Kelly

Maureen P. Kelly, Pa. I.D. No. 51123
BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
Two Gateway Center, 8th Floor
Pittsburgh, PA 15222

Leslie A. Dent, Ga. I.D. No. 218566
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
191 North Wacker Drive, 30th Floor
Chicago, Illinois 60606

ATTORNEYS FOR DEFENDANT AT&T CORP.