# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELLY BISHOP and QUINTAH MANN, | :  |
| Plaintiffs, | :  Civil Action No. 2:08-CV-000468 |
| vs. | :  Judge Donetta W. Ambrose/ |
|  | :  Magistrate Judge Robert C. Mitchell |
| AT&T CORP., | :  |
| Defendant. | :  |

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

### INTRODUCTION

Through the parties' motion and exhibits attached hereto, the above-named Plaintiffs, individually and on behalf of the opt-in class members ("Plaintiffs"), and Defendant AT&T Corp. ("Defendant"), seek approval of their settlement in this collective action for overtime compensation, brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"). The parties respectfully submit that the terms of settlement are fair, reasonable, and resolve a *bona fide* dispute between the parties with respect to liability and damages.

## SUMMARY TIMELINE

A summary timeline of the settlement process is below:

| Event | Timing |
|---|---|
| Stipulation to filing of Joint Stipulation to Settlement under seal during Status Conference on October 25, 2010. | Minute Entry documenting that "Joint Motion to be filed Under Seal" entered October 25, 2010. |
| Joint Motion for Approval of FLSA Settlement Filed | Filed on November 9, 2010 |
| Period to Obtain Releases | 30-day period immediately after Order on Joint Motion for Approval of FLSA Settlement is entered |
| Dismissal of Action | Stipulation of Dismissal to be filed by parties immediately after close of 30-day Period to Obtain Releases; Order to be entered |

## DISCUSSION

### I. HISTORY AND PROCEDURAL STATUS OF THIS CASE

#### A. The Parties' Claims and Defenses

The named Plaintiffs Shelly Bishop and Quintah Mann ("named Plaintiffs"), were employed by Defendant as customer service representatives at Defendant's call centers in Pittsburgh, Pennsylvania and Lee's Summit, Missouri. On April 8, 2008, the named Plaintiffs brought collective claims against Defendant under the FLSA, alleging that Defendant failed to pay them and other similarly situated individuals for all of their time worked. (Dkt. 1.) The named Plaintiffs specifically alleged that they and other similarly situated individuals were

{B0301807.6}
2

required to log into computer applications without compensation prior to the beginning of their shifts as well as perform other uncompensated work after their shifts and during their unpaid lunch breaks.

Defendant has at all times denied the allegations asserted by the Plaintiffs. As set forth in Defendant's Answer and Affirmative Defenses, (Dkt. No. 25), it has been Defendant's position that, among other things, the Plaintiffs did not perform uncompensated work for Defendant, that Defendant prohibits off-the-clock work, that the Plaintiffs are not similarly situated, that any off-the-clock activity performed by the Plaintiffs is *de minimus* and thus not compensable.

### B. Conditional Class Certification

On June 2, 2008, the Plaintiffs moved for conditional class certification, requesting permission to proceed as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and to provide notice of the litigation to all persons working in sales, service and in similar positions in Defendant's call centers who were not compensated for all their time worked. (Dkts. 23, 24.) On March 29, 2009, the Court granted the named Plaintiffs' motion, allowing them to proceed with other similarly situated employees and to send notice of the right to opt-in to the lawsuit to employees at Defendant's call centers in Pittsburgh, Pennsylvania; Fairhaven, Massachusetts; El Paso, Texas and Lee's Summit, Missouri who worked in sales, service and similar positions in the prior three years. (Dkt. 135.) Including the named Plaintiffs, there are a total of 329 individual Plaintiffs involved in this case.

### C. Discovery

Before and after the date of the Court's Order conditionally certifying the collective class, the parties conducted substantial discovery. Defendant produced thousands of pages of relevant documents, compensation records, electronic time-stamped data and email for the Plaintiffs.

Plaintiffs also produced relevant documents, and the parties engaged in written discovery. Further, Plaintiffs' Counsel took corporate representative depositions pursuant to Fed. R. Civ. P. 30(b)(6) and deposed Defendant's call center managers in each of the four call centers. Defendant's Counsel took the depositions of the named Plaintiffs and thirty-eight other Plaintiffs. Limited discovery and depositions remained to be completed at the time the Court stayed discovery pending the mediation. (Dkts. 240, 241, 242.)

### D. Motion Practice

During the pendency of this litigation, the parties also engaged in vigorous motion practice. Prior to conditional certification, Defendant filed a motion to compel Plaintiffs to appear for depositions in Pittsburgh. (Dkt. 42.) The Court issued an order as to out of state depositions. After conditional certification, the parties filed various motions to compel and motions for protective orders. (Dkts. 193, 195, 196, 212, 216, 222, 223.) The Court issued orders on those motions as to the extent and scope of discovery. (Dkts. 206, 207, 224, 225.)

### E. Decertification

Following the conclusion of discovery, Defendant intended to file a motion for decertification. Plaintiffs had represented that they would oppose that motion.

## II. HISTORY OF SETTLEMENT

The parties have conducted arm's-length negotiations to settle the claims asserted by the Plaintiffs. The parties engaged David Rotman of Gregorio, Haldeman, Piazza, Rotman, Frank & Feder, a mediator experienced with FLSA litigation, and attended a mediation session on October 5, 2010, in San Francisco, California. At the mediation, the parties reached a complete

settlement as to all claims by the Plaintiffs. The terms of that agreement are contained in the Joint Stipulation of Settlement.[1]

The parties have engaged a settlement administrator who is prepared to mail to each Plaintiff a Notice of Settlement advising that the lawsuit has been settled, the amount he or she would be paid under the terms of the settlement if he or she timely responds, and the Release of Claims to be executed as a condition of receiving settlement funds. Following distribution of the Notice of Settlement, Plaintiffs will have thirty days in which to accept or reject the settlement. Throughout this period, Plaintiffs' counsel will work with the settlement administrator to obtain a timely response from each eligible opt-in in response to the Notice of Settlement. The Joint Stipulation of Settlement describes the contingencies for Plaintiffs and opt-ins who fail to respond or who reject the settlement offer.

Following the thirty-day period in which Plaintiffs may accept or reject the settlement, the parties will file a Stipulation of Dismissal, requesting that, consistent with the parties' Joint Stipulation of Settlement, the accepting Plaintiffs' claims be dismissed with prejudice and any non-responding or rejecting Plaintiffs' claims be dismissed without prejudice. The parties have set these deadlines with the goal of providing settlement payments to participating Plaintiffs in 2010.[2]

---

[1] The parties made an oral Joint Motion To File Joint Stipulation of Settlement Under Seal during the status conference on October 25, 2010. This Court entered a memorandum as a minute entry on that date holding that "Joint Stipulation to be filed Under Seal." (Dkt. 243.)

[2] The parties believe that it is in the best interest of the Plaintiffs to receive settlement payments and tax reporting documents this year. If that does not occur, settlement administration costs will increase, and the distributions to the Plaintiffs would decrease, for the following reasons: tax reporting documents would have to be mailed separately from settlement checks; many Plaintiffs will likely move before 2011 tax reporting documents are mailed, thus further increasing costs of returned mail and additional mailings; and the settlement administrator will have to keep its settlement account open for an extra year. For all of these reasons, and because of the time-value of money, the parties respectfully request that, if possible, this settlement be approved this year.

### III. THE PROPOSED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE PARTIES' CLAIMS AND DEFENSES

Court approval of FLSA settlements is necessary to effectuate a valid and enforceable release of the FLSA claims asserted by the named Plaintiffs and the opt-in Plaintiffs. See Walsh v. Great Alt. and Pac. Tea Co., Inc., 726 F.2d 956, 965 (3d Cir. 1983). Under the FLSA, employees may settle their claims if the parties agree on the terms, the court approves the settlement as "a fair and reasonable resolution" of a bona fide dispute over FLSA provisions, and the settlement is entered as stipulated judgment. In re Prudential Ins. Co. America Sales Practice Litigation Agent Action, 148 F.3d 283 (3d Cir. 1998). If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement "because avoiding a trial conserves scarce judicial resources." In re Janney Montgomery Scott LLC Financial Consultant Litigation, 2009 WL 217224 (E.D. Pa. July 16, 2009) citing In re General Motors Pick-Up Truck Litigation, 55 F.3d 768 (3d Cir. 1995).

The primary consideration in determining whether a settlement is fair and reasonable is the strength and nature of the claim in light of the possible defenses. Other factors include: the complexity, expense and likely duration of the litigation; reaction of the collective class to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the risk of maintaining the class action through trial; the ability of the defendants to withstand greater judgment; the range of reasonableness of the settlement fund in light of the best possible recovery; and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975).

A. **The Proposed Settlement is Fair and Reasonable.**

The settlement was the product of arm's-length negotiations by experienced counsel. It provides relief to the Plaintiffs, and eliminates the inherent risks both sides would bear if this complex litigation were to continue. The parties participated in mediation with a qualified mediator, and that mediation process ultimately allowed the parties to obtain the settlement. Given these circumstances, a presumption of fairness should attach to the proposed settlement. See In re Warfarin Sodium Antitrust Litigation, 391 F.3d 516 (3d Cir. 2004) (if "the settlement is the result of extensive arm's length negotiations between experienced counsel and following substantial discovery, the court grants the proposed settlement a presumption of fairness.").

Consideration of several additional relevant factors confirms that the proposed settlement is fair and reasonable. First, the complexity, expense, and likely duration of the litigation weighs heavily in favor of finding that the settlement is fair and reasonable. Should this matter have continued, the parties would have completed discovery and brought dispositive motions on at least the following issues: (1) whether Defendant had knowledge of the Plaintiffs' alleged off-the-clock work, (2) whether Defendant willfully violated the FLSA; and (3) whether the amount of uncompensated activity performed by the Plaintiffs' was *de minimus*. Following the resolution of those issues, the matter would have proceeded to an expensive, lengthy jury trial, with risks to both sides, as well as likely appeals and post-trial motions. While a number of issues remain unresolved in this litigation, the discovery conducted thus far has enabled counsel for the parties to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement under the terms set forth herein is in the parties' best interest.

Plaintiffs' counsel has gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an

informed assessment of the proposed settlement. Based on their knowledge of the case and the applicable law, as well as records produced by Defendant, Plaintiffs' counsel believes the settlement is fair, reasonable and adequate. "Significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class." Lake v. First National Bank, 900 F.Supp. 726 (E.D. Pa. 1995). Indeed, the final settlement amount was the product of good-faith negotiations between the parties at mediation, and the settlement amounts for each Plaintiff vary based on employment duration within the statute of limitations, each Plaintiff's time and payroll records, and involvement in the case.

Lastly, Plaintiffs' counsel's attorney's fees and costs are reasonable because the issues here are complex, and the parties engaged in contentious litigation for approximately two and a half years before they agreed upon a resolution. Moreover, the opt-in class members bore a significant risk of no recovery in this case if Defendant were to prevail on the merits. Plaintiffs' counsel expended a considerable amount of resources in motion practice, discovery, and an analysis of each of the Plaintiffs' individual claims. Finally, collective class members in this case agreed to be represented by Plaintiffs' counsel on a contingency basis, and the fees and costs for attorneys' fees reflect the terms of that agreement. Accordingly, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement.

**B.     A *Bona Fide* Dispute Between The Parties Existed Over FLSA Coverage**

Plaintiffs alleged that Defendant violated the FLSA because it failed to pay Plaintiffs for time worked before their shifts, after their shifts and during their lunch breaks. Defendant, on the other hand, argued that Plaintiffs did not perform work off-the-clock, denied that any off-the-

clock activity was compensable, and denied that Plaintiffs were similarly situated under the FLSA.

If Plaintiffs ultimately prevailed, Defendant would be faced with the prospect of a significant monetary verdict in favor of the named Plaintiffs and the opt-in class, as well as the obligation to pay litigation fees and costs. If Defendant ultimately prevailed, Plaintiffs faced dismissal of their claims and no recovery of any kind. Counsel for the parties agree that either outcome was possible in this action, particularly given that some issues likely would have required resolution by a jury. Accordingly, the Court should conclude that a *bona fide* dispute between the parties existed.

## **CONCLUSION**

This FLSA collective action settlement is a product of an arm's-length negotiation between counsel and resolves a *bona fide* dispute between the parties. After engaging in lengthy discovery and a thorough analysis of relevant information, the parties resolved the issues between them in mediation before an experienced mediator. The settlement is fair, reasonable and adequate, and provides Plaintiff' monetary relief for their claims. For these reasons, and those set forth above, the Court should grant the motion for settlement approval. Additionally, the parties respectfully request that the Court promptly enter an Order on the parties' Stipulation of Dismissal, which will be filed immediately following the thirty-day period in which Plaintiffs may accept or reject the settlement, so that the accepting Plaintiffs' claims may be dismissed with prejudice, any non-responding or rejecting Plaintiffs' claims may be dismissed without prejudice, and this matter may be closed and removed from the Court's docket.

Respectfully submitted, this 9th day of November, 2010.

By: /s/ David E. Schlesinger
James H. Kaster MN Bar #53946
David E. Schlesinger MN Bar #0387009
Megan I. Brennan MN Bar #0386550
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402

ATTORNEYS FOR PLAINTIFFS

By: /s/ Maureen P. Kelly
Maureen P. Kelly, Pa. I.D. No. 51123
BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
Two Gateway Center, 6th Floor
Pittsburgh, PA 15222

Leslie A. Dent, Ga. I.D. No. 218566
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
191 North Wacker Drive, 30th Floor
Chicago, Illinois 60606

Len Weitz
AT&T Corp.
900 Route 202/206
One AT&T Way, Room 3A121
Bedminster, NJ 07921

ATTORNEYS FOR DEFENDANT AT&T CORP.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the **MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** was served on the below-listed counsel of record this 9th day of November, 2010 via electronic filing service.

> David Schlesinger, Esquire
> Nichols Kaster, PLLP
> 4600 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402

/s/ Maureen P. Kelly
Maureen P. Kelly